Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2218 | **DATE** | 10/14/2010 |
| **CASE TITLE** | Kenneth J. Wolf, et al vs. Ford Kennelly, et al | | |

**DOCKET ENTRY TEXT**

Written Opinion. Plaintiffs' petition for an award of attorneys' fees [92] is granted in part and entered and continued in part. Within 21 days, Plaintiffs are directed to provide a supplement to their petition to identify which portion of the fees requested would have been incurred, even absent the removal of this case, as a result of RCG's improper filing. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendant Ford Kennelly won an arbitration award against Plaintiffs Kenneth J. Wolf and KJW, LLC and Kennelly's commodities broker, the Rosenthal Collins Group, LLC ("RCG"). RCG filed a complaint in this court seeking to vacate the arbitral award, and Plaintiffs filed a state action seeking the same relief. Kennelly removed that case to this court. After substantial litigation and motion practice, this court granted Plaintiffs' motion for remand and concluded that it lacked jurisdiction over the case filed by RCG as well. *See Wolf v. Kennelly*, 540 F. Supp.2d 955 (N.D. Ill. 2008). In an opinion issued on July 23, 2009, the Seventh Circuit affirmed the ruling that removal of this case from state court was improper. *Wolf v. Kennelly*, 574 F.3d 406, 408 (7th Cir. 2009). The Court of Appeals concluded, however, that this court erred in denying Plaintiffs an award of the attorneys' fees they incurred as a result of the removal, an award authorized by statute. See 28 U.S.C. § 1447(c). The matter is now before this court for entry of such an award.

Defendant makes three objections to Plaintiffs' request for fees: (1) that Plaintiffs waived their claim for fees by filing to comply with the time limits set forth in this court's Local Rule 54.3; (2) that the amount of fees Plaintiffs request–$113, 059.40–is excessive; and (3) that the fee award is subject to offset against the $1.3 million judgment entered by state courts in favor of Defendant.

Whether Plaintiffs did in fact comply with the schedule established in the court's Local Rule is disputed. Plaintiffs assert they sent invoices to Defendant in a timely fashion on March 5, 2008. Defendant is suspicious of this assertion, noting that the purported mailing was inconsistent with Plaintiffs' ordinary practice of sending written communication by way of fax and e-mail in addition to the U. S. Postal Service. Defendant insists it did not receive copies of the invoices until March 31, 2008. This court previously declined to address the dispute, denying the award of fees for other reasons. In reversing that determination, the Court of Appeals also declined to address the timeliness of Plaintiffs' submissions. This court now overrules the timeliness objection. Had Plaintiffs made a timely request for fees, this court would have denied them. Plaintiffs' right to recovery of fees was not established until the Court of Appeals rendered its decision, and Defendant has not shown how it is prejudiced by a delay of, at most, 26 days.

| STATEMENT |
|---|

Defendant's second objection is to the amount of fees Plaintiffs request. Defendant argues that $113,059.40 is excessive under what he believes is the appropriate "lodestar" analysis, which the court uses when awarding fees under fee-shifting statutes. *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363 (7th Cir. 2000) teaches that the lodestar approach to a fee award is not appropriate in the context of an improper removal, however. Instead, the *Hotline* court explained, in the context of an improper removal, "the victor should recoup his full outlay." *Id.* at 367. In this case, Plaintiffs urge that the amount they seek to recover is reflected in the invoices submitted with the fee petition. Although some of those invoices were for services not directly related to the remand motion, Plaintiffs urge that they were nevertheless incurred "as a result of the removal," in the language of the statute: time devoted to the mediation before the magistrate judge, as well as the court's Rule 16 conference, are artifacts of the federal venue. Plaintiffs insist they do not seek fees for discovery on the merits of the parties' dispute.

The only other challenge to the amount of fees that requires discussion is Defendant's assertion that Plaintiffs have improperly sought to recover fees they incurred in the companion case, the one filed by RCG in federal court (07 C 1421). RCG alleged that all of its members were diverse in citizenship from Defendant, an Indiana resident, but discovery proved that allegation untrue. This court therefore dismissed RCG's case without prejudice when it remanded this one. In opposing Plaintiffs' motion for fees, Defendant asserts that "most of this work [for which fees are requested] was done pursuant to the Court's apparent diversity jurisdiction in the related [RCG] case . . ." (Defendant's Opposition Memo, at 8.) In their reply, Plaintiffs note their own efforts to bring the absence of diversity jurisdiction to the court's attention; they do not, however, respond directly to Defendant's contention that those efforts were required by RCG's lawsuit, not only by the one that Defendant removed from state court. The court concludes this objection has traction. Plaintiffs will be directed to file a supplement to its fee petition to address it.

Finally, the court acknowledges Defendant's frustration at the apparent injustice of an award of attorneys' fees in favor of Plaintiffs, who have reportedly failed to pay the very substantial arbitral award and state court judgment in Defendant's favor. That Plaintiffs were prepared to devote more than $100,000 to attorneys' fees on a jurisdictional matter–but have refused to pay the judgment–is puzzling. Because the court lacks jurisdiction over the parties' underlying dispute or the resulting arbitral award, it has no power to direct that the attorneys' fees award be limited to a setoff. The court nevertheless again urges the parties to attempt to resolve their differences.

## CONCLUSION

Plaintiffs' petition for an award of attorneys' fees [92] is granted in part and entered and continued in part. Within 21 days, Plaintiffs are directed to provide a supplement to their petition to identify which portion of the fees requested would have been incurred, even absent the removal of this case, as a result of RCG's improper filing.

*[signature]*